## (June 23, 1975)

ACRO CHEMICAL COMPANY, INC., Respondent, v ALFRED E. MUNZER, Appellant.—On this appeal by defendant from an order-judgment of the Supreme Court, Suffolk County, dated February 10, 1975, which granted plaintiff's motion for summary judgment, etc., the attorneys for the respective parties to this action have entered into a written stipulation, dated June 10, 1975 and made at a conference in this court on said date, agreeing that the said order-judgment be modified in a specific manner. In accordance with the foregoing, the order-judgment is modified by striking therefrom all its decretal provisions and substituting therefor the following: "Ordered (1) That Alfred E. Munzer (hereinafter referred to as "Munzer"), the defendant-appellant herein, shall retain title to the real property located at 212 Carman's Road, Farmingdale, New York; (2) That Munzer grant to Acro a lease to said premises 212 Carman's Road, Farmingdale, New York, commencing June 1, 1975 and ending May 31, 1980, which shall contain the following terms and conditions: (a) That Acro shall pay a rental of $700 per month to Munzer for a five-year term; (b) That Acro will make all repairs on the building; (c) That Acro will pay the real property taxes; (d) That Munzer will pay all mortgage installments due on the present mortgage on the premises; (e) That said five-year lease between Munzer (as landlord) and Acro (as tenant) shall contain an option to renew said lease for an additional term of five-years, or until May 31, 1985, except that the rent for the second five-year term shall be $800 per month; (f) That the option to renew said lease for an additional term of five-years shall be exercisable at any time during the first five-year term upon notification in writing by Acro to Munzer of its intention to exercise said option; (g) That said lease shall contain an option permitting Acro to purchase the premises from Munzer at any time during the first five-year term of the lease and, if the option hereinabove mentioned to renew said lease for an additional five years is exercised, the option to purchase shall continue for the first three years of the second five-year period, or until May 31, 1983; (h) The price which Acro shall pay to Munzer for the premises pursuant to the above-said option shall be determined as follows: Acro shall select a real estate appraiser to value the premises on the date of the proposed exercise of the option; Munzer shall select a real estate appraiser to value the premises on the date of the proposed exercise of the option; and if the two real estate appraisers do not concur as to the value of the premises as of the date of the proposed exercise of said option, then the value at which the premises shall be purchased by Acro shall be that value determined by a third real estate appraiser which shall be designated by the appraiser selected by Acro and the appraiser selected by Munzer; (i) That Munzer agrees to retain title to the premises at 212 Carman's Road, Farmingdale, New York, at least until May 31, 1983, unless said premises are sooner purchased by Acro pursuant to the aforesaid option, or until Acro shall vacate said premises, whichever shall sooner occur; (j) That Acro and Munzer shall exchange general releases, with Munzer's release to Acro to include releasing Acro's officers and directors; (k) That the notice of pendency heretofore filed by Acro against the real property in the Suffolk County Clerk's Office on August 2,

1974, shall be vacated and discharged of record; and (1) That the order embracing the foregoing terms and conditions of settlement between Acro and Munzer may be entered in the Suffolk County Supreme Court by the attorney for either party hereto, without costs and disbursements to either party, upon five days notice of settlement to the other attorney." As so modified, order-judgment affirmed, without costs and with prejudice. Gulotta, P. J., Rabin, Hopkins, Martuscello and Benjamin, JJ., concur.